COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-093-CR

 

 

KEVIN WINN TITUS A/K/A                                                    APPELLANT

KEVIN TITUS

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 213TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








In February 2006, Appellant Kevin Winn Titus pled
guilty pursuant to a plea bargain to forgery by possession of a check with
intent to pass, a state jail felony,[2]
and the trial court placed him on deferred adjudication community supervision
for two years.  In April 2007, the State
filed a petition to proceed to adjudication, alleging that Appellant had
violated the terms of his community supervision by failing to report, leaving
Tarrant County without authorization, failing to notify the community
supervision officer within five days of his address change, and failing to
serve thirty days in jail as a condition of his community supervision.  Appellant pled true to leaving Tarrant County
without authorization and to failing to serve the required thirty days in
jail.  After a hearing, the trial court
found all four allegations true, adjudicated Appellant=s guilt,
and sentenced him to one year=s
confinement in the State Jail Division of the Texas Department of Criminal
Justice.  Appellant timely appealed.

Appellant=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In
the brief, counsel avers that, in his professional opinion, the appeal is
frivolous.  Counsel=s brief
and motion meet the requirements of Anders v. California[3]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief.  We
gave Appellant the opportunity to file a pro se response, but he has not filed
one.  The State also has not filed a
brief.








After an appellant=s
court-appointed attorney files a motion to withdraw on the ground that the
appeal is frivolous and fulfills the requirements of Anders, this court
is obligated to undertake an independent examination of the record.[4]  Only then may we grant counsel=s motion
to withdraw.[5]

We have carefully reviewed the record and counsel=s
brief.  We agree with counsel that this
appeal is wholly frivolous and without merit; we find nothing in the record
that might arguably support the appeal.[6]  Accordingly, we grant counsel=s motion
to withdraw and affirm the trial court=s
judgment.

 

PER CURIAM

PANEL:  DAUPHINOT, J.; CAYCE,
C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  May 21, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. ' 32.21(a)(1), (d) (Vernon
Supp. 2008).





[3]386 U.S. 738, 87 S. Ct.
1396 (1967).





[4]See Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991); Mays v. State, 904 S.W.2d 920, 922B23 (Tex. App.CFort Worth 1995, no
pet.).





[5]See Penson v. Ohio, 488 U.S. 75, 82B83, 109 S. Ct. 346, 351
(1988).





[6]See Bledsoe v. State, 178 S.W.3d 824, 827B28 (Tex. Crim. App.
2005); see also Meza v. State, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App.
2006).